Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ashley Smith**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **High Speed Enterprise, Inc. d/b/a Subway**, an Arizona company; **Kevin Mayer,** an Arizona resident; and **Dayna Garrett,** an Arizona resident; | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Ashley Smith, for her Verified Complaint against Defendants High Speed Enterprise, Inc. d/b/a Subway **("Subway")**; Kevin Mayer; and Dayna Garrett hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); retaliation in violation of the FLSA (specifically § 215(a)(3)) ("**FLSA retaliation**"); unlawful failure to pay minimum wage in violation of

A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and Arizona minimum wage retaliation in violation of the AMWS (specifically § 23-364(G)) ("**AMWS retaliation**").

2.  This action is also brought to recover minimum wage and overtime compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3.  This action is also brought to recover lost wages, liquidated damages, statutory penalties, and punitive damages resulting from Defendants' violations of retaliation pursuant to the FLSA and Arizona Minimum Wage Statute.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6.  Plaintiff was employed by Defendants in this District.

## PARTIES

7.  At all relevant times to the matters alleged herein, Plaintiff Ashley Smith resided in the District of Arizona.

8.  Plaintiff Ashley Smith was an employee of Defendants from on or around September 17, 2020 until on or around January 19, 2021 ("relevant times").

9.  At all relevant times, Plaintiff Ashley Smith was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times, Plaintiff Ashley Smith was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. Defendant Subway is a company authorized to do business in Arizona.

12. Defendant Subway was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. Defendant Subway was Plaintiff's employer as defined by A.R.S. § 23-362(B).

14. Defendant Kevin Mayer is an Arizona resident.

15. Defendant Kevin Mayer has directly caused events to take place giving rise to this action.

16. Defendant Kevin Mayer is a Director of Subway.

17. Defendant Kevin Mayer is a Shareholder of Subway.

18. Defendant Kevin Mayer is a President of Subway.

19. Defendant Kevin Mayer is a Secretary of Subway.

20. Defendant Kevin Mayer is a manager of Subway.

21. Defendant Kevin Mayer is an employer of Subway.

22. Defendant Kevin Mayer has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Kevin Mayer has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Kevin Mayer is an employer.

25. Defendant Kevin Mayer supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. Defendant Kevin Mayer would call Plaintiff on her days off and ask her to come in if they were short staffed.

27. Defendant Kevin Mayer determined the rate and method of Plaintiff's payment of wages.

28. Defendant Kevin Mayer would pay Plaintiff in partial cash payments after her checks would bounce.

29. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Kevin Mayer is subject to individual and personal liability under the FLSA.

30. Defendant Dayna Garrett is an Arizona resident.

31. Defendant Dayna Garrett has directly caused events to take place giving rise to this action.

32. Defendant Dayna Garrett is an area manager for Subway.

33. Defendant Dayna Garrett is an employer of Subway.

34. Defendant Dayna Garrett has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

35. Defendant Dayna Garrett has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

36. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Dayna Garrett is an employer.

37. Defendant Dayna Garrett had the authority to hire and fire employees.

38. Defendant Dayna Garrett had the authority to hire and fire Plaintiff.

39. On September 12, 2020, Defendant Dayna Garrett interviewed and hired Plaintiff.

40. On January 19, 2021, Plaintiff was terminated by Defendant Dayna Garrett.

41. Defendant Dayna Garrett supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

42. Defendant Dayna Garrett would text message Plaintiff and other employees their schedules.

43. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Dayna Garrett is subject to individual and personal liability under the FLSA.

44. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

45. Defendants, and each of them, are sued in both their individual and corporate capacities.

46. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

47. Plaintiff has a reasonable belief, in her work for Defendants, that she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

48. At all relevant times, Plaintiff, in her work for Defendants, was engaged in

commerce or the production of goods for commerce.

49. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

50. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

51. Plaintiff would handle credit card transactions daily.

52. Plaintiff is a covered employee under individual coverage.

53. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

54. The entity Defendant is a sandwich restaurant.

55. On or around September 17, 2020, Plaintiff Ashley Smith commenced employment with Defendants as a sandwich artist.

56. Plaintiff's primary job duties included making sandwiches and cashing out customers.

57. From on or around September 17, 2020 until on or around November 21, 2020, Plaintiff Ashley Smith was supposed to be paid at a minimum wage rate of $12.00 an hour.

58. From on or around November 21, 2020 until on or around January 19, 2021, Plaintiff Ashley Smith was supposed to be paid a rate of $12.75 an hour.

59. Plaintiff was a non-exempt employee.

60. Because Plaintiff received less than the statutory salary basis, Plaintiff was a non-exempt employee.

61. Defendants failed to properly compensate Plaintiff for all her overtime and

regular hours.

62. Plaintiff worked in excess of 40 hours per week.

63. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

64. For example, during the pay period of December 15, 2020 through December 29, 2020, Plaintiff estimates that she worked around 6 hours of overtime.

65. During that time period Plaintiff did not receive any overtime wages.

66. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

67. Defendants required her to work overtime as a condition of her employment.

68. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

69. In addition, nearly every paycheck Plaintiff received during her employment would bounce.

70. Defendant Kevin Mayer would then pay Plaintiff partial cash payments after the pay period.

71. These payments, whatever amounts that he had on him, were late payments.

72. Defendant Kevin Mayer would short Plaintiff of her owed wages and state "he didn't have change."

73. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her paychecks.

74. When Plaintiff inquired about her wages she was subsequently terminated.

75. Plaintiff was terminated because she brought up the fact that the continuous check bouncing was a serious issue.

76. On or around January 5 and 6, 2021, Plaintiff complained to Defendant Kevin Mayer via text message and phone about the bouncing texts.

77. On or around January 8, 2021, Plaintiff complained to HR representative Yazmine (surname unknown) via text message about not receiving overtime.

78. On or around January 8 and 11, 2021, Plaintiff complained to Defendant Dayna Garrett via text message about the bouncing checks.

79. On January 19, 2021, Plaintiff was terminated by Defendant Dayna Garrett.

80. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

81. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and AMWS were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

82. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

83. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

84. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

85. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

86. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

87. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

89. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

90. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

91. Defendants have not made a good faith effort to comply with the FLSA.

92. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

93. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

94. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

95. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

96. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

97. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

98. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

99. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

100. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

101. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

102. Defendants have not made a good faith effort to comply with the FLSA.

103. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

104. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

105. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

106. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

107. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

108. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FLSA RETALIATION)

109. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

110. In response to Plaintiff inquiring about her owed wages, Defendants terminated Plaintiff.

111. Defendants engaged in such retaliatory actions against Plaintiff because Plaintiff questioned her withheld wages.

112. As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3).

113. Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages.

## COUNT V
### (RETALIATION – ARIZONA MINIMUM WAGE STATUTE)

114. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

115. In response to Plaintiff inquiring about her owed wages, Defendants terminated Plaintiff.

116. Defendants engaged in such retaliatory actions against Plaintiff because Plaintiff questioned her withheld wages.

117. Pursuant to A.R.S. § 23-364(B), taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a

presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

118. As a result of Defendants' conduct, Plaintiff is entitled to an amount set by the court that is sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final; reimbursement of lost wages and interest; reasonable attorneys' fees and costs of suit; and other appropriate legal and/or equitable relief.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vii. violated 29 U.S.C. § 215(a)(3) by unlawfully terminating Plaintiff and;

viii. violated A.R.S. § 23-364(g) by unlawfully terminating Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award backpay, including liquidated / treble damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and/or statutory authority and punitive damages pursuant to A.R.S. § 23-364(g), 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

F. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

G. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

H. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

I. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 4, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    14500 N. Northsight Blvd, Suite 133
    Scottsdale, AZ 85260
    Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Ashley Smith declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Ashley Smith